IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LONNIE JOHNSON                                                        PLAINTIFF

V.                          CASE NO. 11-CV-4099

SHERIFF MONTE STRINGFELLOW;
DR. DEVLIN, Jail Doctor, Sevier
County Jail; and MS. SHARON,
Head Jailer, Sevier County Jail                                DEFENDANTS

**ORDER**

      Before the Court is the Report and Recommendation filed August 14, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 48). Judge Bryant recommends that Defendants' Motion for Summary Judgment be GRANTED IN PART and DENIED IN PART. Plaintiff and Separate Defendant Dr. Devlin have responded with objections (ECF Nos. 49, 50, 56, and 57), and the Court has reviewed the objections. After reviewing the record *de novo,* the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Report and Recommendation.

      Dr. Devlin objects to the Report and Recommendation to the extent that Plaintiff has not provided any verifying medial evidence to support his claims. The objection is well-taken. The Court notes that Plaintiff has made a request for his medical records. Thus, the Court refers this matter back to Judge Bryant to reconsider Dr. Devlin's summary judgment arguments after Plaintiff's medical records are received.

      Plaintiff objects to the portions of the Report and Recommendation that dismiss his claims against Sheriff Monte Stringfellow and Ms. Sharon. Plaintiff also objects to the portion of the Report and Recommendation that dismisses his individual capacity claim against Dr. Devlin for

-2-

denial of medical care regarding Plaintiff's blood pressure. The Court, being well and sufficiently advised, finds that Plaintiff's objections offer neither law nor fact requiring departure from the Report and Recommendation regarding the claims against Sheriff Stringfellow and Ms. Sharon and the individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's blood pressure. Thus, Plaintiff's objections are overruled, and the Court adopts the portions of the Report and Recommendation that dismiss Plaintiff's claims against Sheriff Stringfellow and Ms. Sharon and dismiss the individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's blood pressure. It does not appear to the Court that Plaintiff objects to the dismissal of the official capacity claims against all Defendants.

The following claims are **DISMISSED**: (1) official capacity claims against all Defendants; (2) individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's blood pressure; (3) individual capacity claims against Sheriff Monte Stringfellow; and (4) individual capacity claims against Ms. Sharon. Sheriff Stringfellow and Ms. Sharon are **DISMISSED WITH PREJUDICE** from this action. The Court refers this matter back to Judge Bryant to reconsider Dr. Devlin's summary judgment arguments regarding the following claims: (1) individual capacity claim against Dr. Devlin for delay of medical care regarding Plaintiff's blood pressure and (2) individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's alleged diabetes.

**IT IS SO ORDERED**, this 30th day of September, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge