IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LONNIE JOHNSON                                                                                    PLAINTIFF

      v.                                       Civil No. 4:11-cv-04099

DR. DEVLIN                                                                                         DEFENDANT

**O R D E R**

Plaintiff, Lonnie Johnson, proceeds in this section 1983 matter *pro se* and *in forma pauperis*. Currently before the Court are Defendants' (1) first Motion to Strike (ECF No. 43); and (2) second Motion to Strike (ECF No. 54). Plaintiff responded to Defendants' first Motion to Strike. ECF No. 46. After careful consideration, the Court finds as follows.

1.    First Motion to Strike (ECF No. 43)

In Defendant's[1] first Motion to Strike she argues Plaintiff submitted untimely discovery requests on July 17, 2013 in which Plaintiff requests "additional documents, materials, and responses, some of which has been previously provided through discovery." Defendant goes on to argue that she has previously responded to Plaintiff's discovery requests and provided relevant materials and documentation to him. Defendant asserts that Plaintiff's July 17, 2013 discovery request is "outside the anticipated time for discovery." Therefore, Defendant moves to strike the requests. ECF No. 43.

Plaintiff responded arguing that his July 17, 2013 requests were based on issues presented in Defendant's pending Motion for Summary Judgment. Plaintiff also attached the requests he sent to Defendants on July 17, 2013. ECF No. 46.

---

[1] Since the filing of these Motions all Defendants except for Dr. Devlin have been dismissed. ECF No. 58.

While there is a pending Motion for Summary Judgment in this matter, the matter is not set for trial nor is there a scheduling order in place enumerating a deadline for discovery to be completed. Defendant has failed to show any basis of their assertion that Plaintiff's requests are untimely, or to show how responding to the requests would prejudice Defendant.

Accordingly, Defendant's Motion to Strike (ECF No. 43) is **DENIED**. Defendant is **DIRECTED** to respond to those requests of Plaintiff's that she has not previously responded and that otherwise comply with the Federal Rules of Civil Procedure by **December 9, 2013.** The Court notes, however, that the only remaining Defendant in this matter is Dr. Devlin and the only remaining claims in this matter relate to Dr. Devlin's alleged delay of medical care regarding Plaintiff's blood pressure and alleged denial of medical care regarding Plaintiff's diabetes. Therefore, Defendant need not respond to any requests regarding claims against the dismissed Defendants, Sheriff Stringfellow or Sharon Harned, or any of the dismissed claims, all official capacity claims and the individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's blood pressure.

2.　　Second Motion to Strike (ECF No. 54)

In Defendant's second Motion to Strike, she argues that a second set of discovery requests sent to Defendant on August 27, 2013 is "outside the anticipated time for discovery" and therefore, the Court should strike the request. Plaintiff did not respond to this Motion.

Again, while there is a pending Motion for Summary Judgment in this matter, the matter is not set for trial nor is there a scheduling order in place enumerating a deadline for discovery to be completed. Defendant has failed to show any basis of their assertion that Plaintiff's requests are untimely or how responding to the requests would prejudice Defendant.

Accordingly, Defendant's Motion to Strike (ECF No. 54) is **DENIED**. Defendant is **DIRECTED** to respond to those requests of Plaintiff's that she has not previously responded and that otherwise comply with the Federal Rules of Civil Procedure by **December 9, 2013.** The Court again notes that the only remaining Defendant in this matter is Dr. Devlin and the only remaining claims in this matter relate to Dr. Devlin's alleged delay of medical care regarding Plaintiff's blood pressure and alleged denial of medical care regarding Plaintiff's diabetes. Therefore, Defendant need not respond to any requests regarding claims against the dismissed Defendants, Sheriff Stringfellow or Sharon Harned, or any of the dismissed claims, all official capacity claims and the individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's blood pressure.

Lastly, Plaintiff is reminded of the limitations set forth in the Federal Rules of Civil Procedure regarding the number of Interrogatories he may propound on Defendant. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Therefore, Defendant Devlin has no obligation to respond to interrogatories above and beyond this stated limitation.

**IT IS SO ORDERED this 25th day of November 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE