IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LONNIE JOHNSON                                                    PLAINTIFF

v.                    Civil No. 4:11-cv-04099

DR. DEVLIN, Jail Doctor, Sevier
County Jail                                                      DEFENDANT

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lonnie Johnson filed this civil rights case pursuant to 42 U.S.C. § 1983.  He

proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and

(3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the

undersigned for the purpose of making a report and recommendation.  Defendant requested a jury

trial in this matter.

Currently before the Court is Defendant's Motion for Summary Judgment.  ECF No. 29.

After considering all of the matters submitted by the parties, the undersigned makes the following

Report and Recommendation.

## 1.      BACKGROUND

This Motion for Summary Judgment has a somewhat unusual procedural history so I will

set forth the procedural background first and then enumerate the relevant factual background.

### A.      Procedural

Defendant filed her Motion for Summary Judgment on February 7, 2013.  ECF No. 29.

Plaintiff filed a Response to Defendant's Motion for Summary Judgment.  ECF No. 33.  Plaintiff

then filed a second Response to Defendant's Motion for Summary Judgment.  ECF No. 34.

Defendant filed a Reply.  ECF No. 35.  Plaintiff then filed a Response to Reply Brief in Support

of Motion for Summary Judgment by Defendant.   ECF No. 36.   Plaintiff then filed a Notice requesting the assistance of the Court, in the form of a questionnaire, in responding to Defendant's Motion for Summary Judgment.   ECF No. 37.   The Court prepared a questionnaire for Plaintiff. ECF No. 38.   Plaintiff then filed the completed questionnaire as another Response to Defendant's Motion for Summary Judgment.   ECF No. 39.   Defendant then filed a Sur-Reply Brief in Support of Motion for Summary Judgment.   ECF No. 40.   Plaintiff filed a Supplement to his Response to Defendant's Motion for Summary Judgment.   ECF No. 41.[1]   Plaintiff then filed a Response to Sur-Reply Brief in Support of Motion for Summary Judgment by Defendant.   ECF No. 45.

I considered all of this briefing and issued a Report and Recommendation on August 14, 2013.   ECF No. 48.   In the Report and Recommendation, I recommended Defendant's Motion for Summary Judgment be granted as to Plaintiff's (1) official capacity claims against all Defendants; (2) individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's blood pressure; (3) individual capacity claims against Sheriff Monte Stringfellow; and (4) individual capacity claims against Sharon Harned.   Further, I recommended the Motion be denied as to Plaintiff's (1) individual capacity claim against Dr. Devlin for delay of medical care regarding Plaintiff's blood pressure; and (2) individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's alleged diabetes.   Lastly, I recommended Defendants Stringfellow and Harned be dismissed with prejudice from this action leaving for later resolution the remaining individual capacity claims against Defendant Devlin.

Defendant Devlin objected to the Report and Recommendation arguing Plaintiff failed to produce any verifying medical evidence that any delay in medical care produced a negative

---

[1] The Court notes this document is docketed as a Supplement to Complaint, however, the substance of the document indicates it is a supplement to Plaintiff's Response to Defendant's Motion for Summary Judgment at ECF No. 39 and will be construed as such.

prognosis for Plaintiff and that Plaintiff's medical records show Defendant Devlin was not deliberately indifferent to Plaintiff's medical needs.

On September 30, 2013, the Honorable Susan O. Hickey issued an Order adopting in part and declining to adopt in part the Report and Recommendation.  ECF No. 58.  Specifically, Judge Hickey stated:

> Dr. Devlin objects to the Report and Recommendation to the extent that Plaintiff has not provided any verifying medical evidence to support his claims.  The objection is well-taken. The Court notes that Plaintiff has made a request for his medical records.  Thus, the Court refers this matter back to Judge Bryant to reconsider Dr. Devlin's summary judgment arguments after Plaintiff's medical records are received.

ECF No. 58.

On November 8, 2013, Plaintiff's requested medical records were received by the Court and a copy was forwarded to him.

On November 25, 2013, I directed Plaintiff to file a supplemental response to Defendant's Motion for Summary Judgment.  Specifically, Plaintiff was advised:

> [T]o limit this supplement to the remaining claims against Dr. Devlin—individual capacity claim against Dr. Devlin for delay of medical care regarding Plaintiff's blood pressure; and individual capacity claim against Dr. Devlin for denial of medical care regarding Plaintiff's alleged diabetes—and to specifically focus on how the medical records, now in his possession, respond to Defendants' summary judgment arguments related to these claims.

ECF No. 69.

Plaintiff filed his Supplemental Response on December 17, 2013.  ECF No. 71.  Plaintiff did not cite to nor attach any medical records to his Supplemental Response.  Defendant Devlin declined the opportunity to file a Reply to Plaintiff's Supplemental Response.

B.    Factual

As explained above the only claims remaining are Plaintiff's individual capacity claims against Dr. Devlin for delay and denial of medical care regarding his blood pressure and diabetes.

Therefore, I will only enumerate the background facts relating to those claims.

The events that are the subject of this lawsuit occurred while Plaintiff was housed in the Sevier County Detention Center ("SCDC") from September 2011 to March 2012.   Plaintiff claims in his Complaint and Supplements that Defendant  Dr. Devlin delayed him medical care regarding his blood pressure and denied his medical care related to his diabetes.

Specifically, Plaintiff claimed in his Complaint and Supplements: (1) his blood pressure is getting worse and the medication "they" give him is not working; (2) "they" are not checking his blood pressure as often as the nurse suggest even though he complains of pain in his chest and arm; (3) no tests have been done on him; (4) he saw the doctor once at the jail where she only took his vitals; (5) he is in pain (ECF No. 5, p. 1); (6) he is on medical watch; (7) his blood pressure is still very high; (8) "they" bring his medication and check his blood pressure twice a day; (9) he still has not had any test done; (10) he still has not seen the doctor; (11) on an unspecified date he experienced chest pains and numbness in his arm and it took the jailers one hour to respond to his request for help; (ECF No. 6, pp. 1-2); (12)   he was denied medical care on December 13, 2011 for his high blood pressure (ECF No. 9, p. 1); (13) his medicine dosage has gone from 12 milligrams of "Captiprol" twice a day to 100 milligrams of "Captiprol" twice a day but his blood pressure is still high (ECF No. 10, p. 1); (14) his health is declining; (15) he is in constant pain; (16) he cannot sleep; and (17) there is a constant ringing in his ears (ECF No. 11, p. 1).

Defendant Devlin argues she is entitled to summary judgment on Plaintiff's delay of medical care claim because Plaintiff has failed to provide any verifying medical evidence establishing he suffered a negative prognosis from any delay of care.  Further, Defendant Devlin argues she is entitled to summary judgment on Plaintiff's denial of medical care claim regarding his diabetes because Defendant Devlin did not deny Plaintiff medical care and was not deliberately

indifferent to Plaintiff.

The Honorable Susan O. Hickey has directed the undersigned to reconsider Defendant's Motion in light of Plaintiff's medical records now on the record and to determine if genuine issues of material fact still exist in light of the additional medical records.

## 2.    LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995).  The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## 3.    DISCUSSION

Regarding the remaining claims referred backed to the undersigned for reconsideration, Defendant Devlin argues in her Motion for Summary Judgment: (1) Plaintiff was not denied

medical care; (2) Defendant Devlin was not deliberately indifferent to Plaintiff in any delay of his medical care; and (3) a difference of medical opinion does not state a cognizable claim under section 1983.

As directed by the Court, Plaintiff filed a supplemental response to Defendant's Motion for Summary Judgment.  Plaintiff did not make any new or additional arguments in this Supplemental Response, nor did he cite to or attach any additional medical records to verify his claims that Defendant Devlin's actions contributed to any negative prognosis.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does

6

not give rise to the level of a constitutional violation.  Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

It is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted).  An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment."  *Id.* Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference.  *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

The "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record.  *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005).  Unless, however, the need for medical attention is obvious to a layperson in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay.  *See Schaub v. VonWald,* 638 F.3d 905, 919 (8th Cir. 2011) (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

7

A.   <u>Blood Pressure</u>

Defendant Devlin argues Plaintiff was not denied medical care regarding his blood pressure, and any delay in his medical care does not amount to deliberate indifference because Plaintiff has failed to produce verifying medical evidence on the record to indicate any lasting effects or negative prognosis from any delay in treatment.

In his Complaint, Plaintiff alleges he was denied medical care for thirty (30) days.  As established in my original Report and Recommendation, Plaintiff was not denied medical care regarding his blood pressure.  Therefore, his claim can only be construed as one of delay of medical care.  Defendant Devlin argues Plaintiff must place verifying medical evidence into the record to establish the detrimental effect of the delay in medical treatment in order to succeed on this claim.

Defendant Devlin is correct.  To succeed on a delay of medical care claim, Plaintiff must show the objective seriousness of the delay in treatment by showing the effect of delay, which must be shown by verifying medical evidence in the record.  *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005).

Pursuant to Judge Hickey's Order, the Plaintiff has been provided with his medical records from the Arkansas Department of Corrections ("ADC") and provided an opportunity to file a supplemental response to Defendant's Motion.  Plaintiff was also advised that he may use the supplemental response to provide the verifying medical records to support his contentions that the delay in treatment of his blood pressure was objectively serious because it resulted in a negative prognosis for Plaintiff.

In Plaintiff's Supplemental Response, he failed to cite to or attach any of the additional medical records or make any arguments that the delay in care resulted in a negative prognosis.

Accordingly, Plaintiff has failed to produce any verifying medical evidence to support his delay of medical care claim against Defendant Devlin and his claim must fail. *See Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005).

      B.    <u>Diabetes</u>

Defendant argues Plaintiff was not denied medical care regarding his diabetes. Defendant asserts Dr. Devlin was not deliberately indifferent to Plaintiff's diabetes because she monitored his blood sugar and did not believe it was medically necessary for Plaintiff to be treated with insulin for diabetes while he was incarcerated at the SCDC. ECF No. 31-2. Dr. Devlin swears in her affidavit that she treated Plaintiff appropriately given her expert medical opinion that his blood sugar readings did not qualify him for a diagnosis of diabetes. ECF No. 31-2.

In my original Report and Recommendation based on the record before me at that time I reasoned:

> While the Court recognizes that mere disagreement with a jail doctor's treatment is insufficient to state a cognizable claim under section 1983, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990) (holding the district court erred in finding mere proof of medical care by a doctor sufficed to disprove deliberate indifference). Additionally, "whether an instance of medical misdiagnosis resulted from deliberate indifference or negligence is a factual question . . . ." *Id.*

> The record indicates Plaintiff was diagnosed as diabetic and prescribed insulin prior to incarceration in the SCDC. ECF No. 34 [De Queen Regional Medical Center Records, July 6, 2002]. Additionally, Plaintiff indicated on his SCDC intake forms (in both August and July) that he was diabetic. ECF No. 34-1. Plaintiff also made continued requests for care of his diabetes through medical request to the SCDC. ECF No. 33. Dr. Devlin did order Plaintiff's blood sugar checked regularly, but never prescribed Plaintiff any treatment for diabetes because she did not believe treatment was warranted. ECF No. 31-2. Lastly, Plaintiff swears under penalty of perjury that once he was transferred to the ADC he was again placed on insulin for his diabetes. ECF No. 39, p. 10.

> Given the current record, the Court finds there is a question of fact as to whether Dr. Devlin's treatment decisions, regarding Plaintiff's alleged diabetes, fell so far below the

> reasonable standard of care as to constitute deliberate indifference. For this reason, the Court finds there are genuine issues of material fact as to Plaintiff's denial of medical care claim against Dr. Devlin regarding his diabetes treatment.

ECF No. 48. In the Report and Recommendation I also acknowledged that Plaintiff's medical records from the ADC would likely shed considerable light on Plaintiff's denial of medical care claim regarding his diabetes.

In Defendant's Objections to the previous Report and Recommendation they pointed to evidence on the record showing Defendant Devlin did not deny Plaintiff medical care of his alleged diabetes but instead she monitored Plaintiff's blood sugar while he was incarcerated in the SCDC to determine whether further treatment was medically necessary. Further, based upon her medical training and Plaintiff's monitoring, Dr. Devlin did not deem insulin a medical necessity for Plaintiff. ECF No. 31-2 (Dr. Devlin's Affidavit). Defendant Devlin also attached Plaintiff's ADC medical records to their Objections, and relied on these medical records to support their argument that Dr. Devlin's actions of monitoring Plaintiff's blood sugar without prescribing insulin were reasonable and did not constitute deliberate indifference to Plaintiff's health.

According to Plaintiff's ADC medical records he was not treated for diabetes with insulin or any other medication while incarcerated in the ADC in 2010 prior to the subject incarceration in the SCDC. ECF No. 49, Ex. A. Further, Plaintiff's ADC medical records indicate that once he was transferred to the ADC after the subject SCDC incarceration, the ADC medical staff monitored his blood sugar for four months before starting him on insulin. ECF No. 49, Ex. A. These records contradict Plaintiff's previous representations that he was treated with insulin before and directly after his incarceration at the SCDC. The Court need not give deference to Plaintiff's assertions now that there is evidence on the record directly contradicting such assertions. *See Scott v. Harris*, 550 U.S. at 380.

Additionally, in Defendant's Objection to my original Report and Recommendation they argue that while the record does reflect the De Queen Regional Medical Center diagnosed Plaintiff with diabetes in July 2002, Dr. Devlin was unaware of this diagnosis at the time Plaintiff was incarcerated in the SCDC. While Plaintiff did inform Dr. Devlin that he was previously diagnosed as diabetic, he told her it was at Wadley Hospital. Dr. Devlin attempted to verify this diagnosis by requesting Plaintiff's medical records from Wadley Hospital. Dr. Devlin reviewed Plaintiff's records from Wadley Hospital, but the records did not indicate Plaintiff was ever diagnosed with diabetes or treated with insulin by any medical provider in that hospital. ECF No. 31-2 (Dr. Devlin's Affidavit); ECF No. 50-1 (Wadley Regional Medical Center Records). After being unable to verify Plaintiff's diabetes diagnosis, Dr. Devlin made the medical decision to monitor Plaintiff's fasting blood sugar through daily blood tests while Plaintiff was incarcerated at the SCDC. ECF No. 31-2. In Dr. Devlin's medical opinion, Plaintiff's blood sugar results did not indicate he was in need of insulin. ECF No. 31-2.

Based on the current record, considering all evidence submitted by the parties during the initial briefing on Defendant's Motion for Summary Judgment along with Plaintiff's additional medical records from the ADC, I now find there are no genuine issues of material fact regarding Plaintiff's denial of medical care claim against Dr. Devlin. Therefore, the claim must fail as a matter of law.

Plaintiff's mere disagreement with a Dr. Devlin's treatment is insufficient to state a cognizable claim under section 1983, and there are no longer any issues of fact as to whether or not Dr. Devlin's medical care fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990) (holding the district court erred in finding mere proof of medical care by a doctor sufficed to disprove deliberate

indifference).

Defendant Devlin had no actual knowledge that Plaintiff had been previously diagnosed with diabetes.  Dr. Devlin was unable to verify through Plaintiff's medical records that he was previously diagnosed as diabetic.  Therefore, she treated him in a way that in her medical opinion was appropriate.  Plaintiff's blood sugar was tested daily throughout his incarceration at the SCDC and Dr. Devlin reviewed the test results.  ECF No. 31-2; ECF No. 31-4 (Plaintiff's Blood Sugar and Pressure Logs).  Plaintiff may not dictate how a medical provider treats him.  *See Meuir v. Greene Coutny Jail Employees*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability).

Further, in order to prove medical care provided was constitutionally inadequate Plaintiff must show "grossly incompetent or inadequate care showing a defendant's decision to take an easier and less efficacious course of treatment, or showing defendants intentionally delayed or denied access to medical care.  *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (internal citations omitted).  The record clearly indicates Plaintiff was provided some medical care by Dr. Devlin for his diabetes through the blood sugar checks.  Therefore, Plaintiff must show the course of treatment "so deviated from professional standards that it amounted to deliberate indifference."  *Id.*[2]  Plaintiff has failed to do so here.  To the contrary, Plaintiff's medical records indicate separate medical providers treated him similarly as Dr. Devlin on two separate incarcerations in the ADC.  Therefore, I find there are no genuine issues of material fact regarding Plaintiff's denial of medical care claim against Dr.

---

[2] The *Allard* Court explained that whether the treatment provided was constitutionally adequate may be decided on summary judgment when the record is fully developed including the plaintiff's medical records.  Plaintiff's medical records have been supplemented to the record thus satisfying the *Allard* requirement.  *See Allard v. Baldwin,* 779 F.3d at 772.

Devlin.

## 4.   CONCLUSION

Accordingly, I recommend Defendant's Motion for Summary Judgment (ECF No. 29) be **GRANTED** and Plaintiff's remaining claims be dismissed with prejudice.

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 6th day of July 2015**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE